**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Creditor Lillian Logan

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Vahan M. Dinihanian, Jr.,<br><br>Debtors. | Case No. 19-31886-dwh11<br><br>Chapter 11<br><br>CREDITOR LILLIAN LOGAN'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 4 |

Creditor Lillian Logan ("Logan") by and through her attorneys, Jordan Ramis PC, hereby responds to Vahan Dinihanian, Jr.'s (the "Debtor") objection to Logan's proof of claim 4-1. Because the claim is subject to a mandatory mediation and arbitration agreement between the parties, this court should abstain from ruling on the objection to claim until the parties go through the already agreed upon mediation and arbitration process. Furthermore, should the Court decide to determine the validity of Logan's claim, the objection must be overruled because her claim supported by undisputed documents and the Debtor's own testimony regarding missing assets.

This response is supported by the court file and the Declarations of Daniel Steinberg and Lillian Logan filed herewith.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4842-7522-0396.1

## BACKGROUND

Lillian Logan and the Debtor are siblings. Declaration of Daniel Steinberg ("*Steinberg Declaration*"), Ex. 2, p. 3. After their parents' death, Logan and the Debtor owned several properties and businesses together either individually or through their respective entities. Among those properties is a cabin located at 27105 E Riverwood, Welches, Oregon. *Steinberg Dec.* Ex. 3. Although the Debtor chose not to disclose this asset to the bankruptcy court, it is an asset he and his sister own as tenants in common. *Id.* Pursuant to an earlier agreement, the Debtor agreed to transfer his interest to Logan. Declaration of Lillian Logan, ¶ 2. Additionally, Debtor took unauthorized transfers and failed to account for rent received for joint property. *Id.* at ¶ 1. As demonstrated in the *Declaration of Lillian Logan*, in addition to transferring Debtor's one-half interest in the Welches cabin to Logan, the Debtor also owes her $49,509.00 for unpaid rent, unauthorized use of employees, and other items. *Id.*

Accordingly, Logan's proof of claim is valid and the Debtor's objection should be overruled.

///

///

///

///

///

///

///

///

///

Page 2 – CREDITOR LILLIAN LOGAN'S RESPONSE TO
DEBTOR'S OBJECTION TO PROOF OF
CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4842-7522-0396.1

## **CONCLUSION**

Because the parties have already agreed to mediate the matters which are the basis of this proof of claim, the Court should abstain from ruling on the objection to claim until the parties go through their already agreed upon mediation and arbitration process.

DATED this 8th day of November, 2019.

JORDAN RAMIS PC

By: */s/ Daniel L. Steinberg*
Russell D. Garrett, OSB #882111
Daniel L. Steinberg, OSB #993690
*Attorneys for Creditor Lillian Logan*

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4842-7522-0396.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below, I electronically filed the

foregoing **CREDITOR LILLIAN LOGAN'S RESPONSE TO DEBTOR'S OBJECTION**

**TO PROOF OF CLAIM 4** with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

Nicholas J. Henderson
Troy Sexton
Email: nhenderson@portlaw.com
tsexton@portlaw.com
    Counsel for Debtor

U.S. Trustee, Portland
620 SW Main Street, #213
Portland, OR 97205

Stephen P. Arnot
DOJ-Ust
Email: steve.arnot@usdoj.gov
    Counsel for U.S. Trustee

       DATED: November 8, 2019.

                */s/ Daniel L. Steinberg*
                Daniel L. Steinberg, OSB #993690
                daniel.steinberg@jordanramis.com

Page 4 – CREDITOR LILLIAN LOGAN'S RESPONSE TO
         DEBTOR'S OBJECTION TO PROOF OF
         CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4842-7522-0396.1

**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Creditor Lillian Logan

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-31886-dwh11 |
| Vahan M. Dinihanian, Jr., | Chapter 11 |
| Debtors. | DECLARATION OF DANIEL STEINBERG IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 4 |

I, Daniel Steinberg, am one of the attorneys for creditor Lillian Logan ("Logan") in the above-captioned bankruptcy. I make this declaration based on my personal knowledge and if called as a witness I am competent to testify to the matters contained herein.

1.     Attached hereto as Exhibit 1 is a copy of the mediation and arbitration agreement between Lillian Logan and Vahan M. Dinihanian, Jr. (the "Debtor").

2.     Attached hereto as Exhibit 2 is a copy of the excerpts from the Debtor's 2004 examination.

3.     Attached hereto as Exhibit 3 is a copy of real property records demonstrating that the Debtor and Ms. Logan own the cabin located in Welches, Oregon, as tenants in common.

Page 1 –  DECLARATION OF DANIEL STEINBERG IN
SUPPORT OF RESPONSE TO DEBTOR'S
OBJECTION TO PROOF OF CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4829-4359-4412.1

Case 19-31886-dwh11    Doc 76    Filed 11/08/19

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on November 8, 2019.

JORDAN RAMIS PC


By: */s/ Daniel L. Steinberg*
Daniel L. Steinberg, OSB #993690
*Attorneys for Creditor Lillian Logan*

Page 2 – DECLARATION OF DANIEL STEINBERG IN
SUPPORT OF RESPONSE TO DEBTOR'S
OBJECTION TO PROOF OF CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4829-4359-4412.1

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the

foregoing **DECLARATION OF DANIEL STEINBERG IN SUPPORT OF RESPONSE TO**

**DEBTOR'S OBJECTION TO PROOF OF CLAIM 4** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

Nicholas J. Henderson
Troy Sexton
Email:  nhenderson@portlaw.com
tsexton@portlaw.com
    Counsel for Debtor

U.S. Trustee, Portland
620 SW Main Street, #213
Portland, OR  97205

Stephen P. Arnot
DOJ-Ust
Email:  steve.arnot@usdoj.gov
    Counsel for U.S. Trustee

DATED:  November 8, 2019.

*/s/ Daniel L. Steinberg*
Daniel L. Steinberg, OSB #993690
daniel.steinberg@jordanramis.com

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4829-4359-4412.1

## AGREEMENT TO MEDIATE AND ARBITRATE



This Agreement is made effective this 21st day of January, 2019, by and among 15005 NW Cornell LLC, an Oregon limited liability company; Vahan Dinihanian Jr., an individual; Eagle Holdings, LLC, an Oregon limited liability company; Cornell Rd. LLC, an Oregon limited liability company; Christiana LLC, an Oregon limited liability company; Alexander LLC, an Oregon limited liability company; Dinihanian Floral Products, Inc., an Oregon corporation; and Lilian Logan, an individual (collectively, "the Parties).

1.    Disputes have arisen among the parties relating various business operations and debts, as well as claims pertaining to ownership of a Cabin located at 27105 East Riverwood Lane, Wemme, Oregon 97067(collectively "Claims"). It is the intent of the Parties to resolve all existing disputes between or among themselves as provided herein, except the pending partition action in case number 18CV17059 referred to in paragraph 6 herein. The parties agree to make all records and documents relating to any of the existing disputes between or among them equally available to each party.

2.    Within thirty (30) days of the date of this Agreement, the parties shall select a mediator to assist the parties with the resolution of the Claims. The cost of the mediators services shall be divided equally among the Dinihanian Floral Products, Inc., Vahan Dinihanian, and Lilian Logan.

3.    Mediation shall occur in two stages:

    a.    **Stage One.** The first stage of mediation shall take place within forty-five (45) days of selection of the mediator. The parties shall, at that time identify and summarize all of the Claims they wish to resolve in mediation to the mediator and the other Parties to this Agreement, and shall produce to the mediator all supporting documentation. The Parties shall, in good faith, attempt to resolve as many of the issues as possible during stage one.

    B.    **Stage Two.** To the extent there are any Claims left to be resolved after Stage One, the parties shall enter into a second round of mediation to take place within 45 days of the Stage One mediation, in order to address any remaining Claims. The parties may, thereafter, stipulate to additional mediation efforts if any Claims remain unresolved, although there is no requirement to do so.

4.    After Stage Two, any Party hereto may demand that any remaining Claims be resolved in binding arbitration. Arbitration shall be initiated through the Arbitration Service of Portland, and shall proceed as expeditiously as possible.

5.    If the Parties have a disagreement about the meaning or effect of this Agreement, such disagreement shall be submitted to the mediator or arbitrator (as applicable), who shall be the final authority as to the meaning and effect of this

53110-76701 3325591.1

Exhibit 1
Page 1 of 6

Case 19-31886-dwh11    Doc 76    Filed 11/08/19

Agreement and the rights and obligations of the parties hereunder. The mediator or arbitrator shall include any determinations made as to the meaning and effect of this Agreement in the final award. Except as provided in section 6, below, no party may seek relief or redress of any kind in any forum other than the mediation and arbitration hereunder as to any matter falling within the scope of this Agreement or arising out of the meaning or effect of this Agreement.

6.     Award in Mediation or Arbitration. Any award of money arising from mediation or arbitration will be paid first from sums held back in the sale of the property located at 15005 NW Cornell Rd, as provided by stipulated Order in case number 18CV 17059 in the Circuit Court of Oregon for Washington County.

The parties enter into this Agreement on the date set forth above.

**15005 NW Cornell LLC**

By:                                             1-22-19
                                                Date

**Vahan Dinihanian Jr.**

Vahan Dinihanian Jr.                            1-22-19
                                                Date

**Eagle Holdings, LLC**

By:                                             2-22-19
                                                Date

**Cornell Rd LLC**

By:                                             Date

**Christiana LLC**

By:                                             Date

Page 2 – Agreement to Mediate and Arbitrate

53110-76701 3325591.1

Exhibit 1
Page 2 of 6

**Alexander LLC**

By: _____     _____ Date

**Dinihanian Floral Products, Inc.**

By: _____     _____ Date

**Lilian Logan**

_____     _____ Date
Lilian Logan

53110-76701 3325591.1

Exhibit 1
Page 3 of 6

Case 19-31886-dwh11     Doc 76     Filed 11/08/19

Alexander LLC

By: _Lillian R Logan_          _1-23-19_
                                                    Date

Dinihanian Floral Products, Inc.

By: _Lillian R Logan_          _1-23-19_
                                                    Date

Lilian Logan

_Lillian R Logan_
Lilian Logan                      _1-23-19_
                                                    Date

Page 3 – Agreement to Mediate and Arbitrate

53110-76701 3325591.1

Exhibit 1
Page 4 of 6

# AGREEMENT TO MEDIATE AND ARBITRATE

This Agreement is made effective this 21st day of January, 2019, by and among 15005 NW Cornell LLC, an Oregon limited liability company; Vahan Dinihanian Jr., an individual; Eagle Holdings, LLC, an Oregon limited liability company; Cornell Rd. LLC, an Oregon limited liability company; Christiana LLC, an Oregon limited liability company; Alexander LLC, an Oregon limited liability company; Dinihanian Floral Products, Inc., an Oregon corporation; and Lilian Logan, an individual (collectively, "the Parties).

1.      Disputes have arisen among the parties relating various business operations and debts, as well as claims pertaining to ownership of a Cabin located at 27105 East Riverwood Lane, Wemme, Oregon 97067(collectively "Claims"). It is the intent of the Parties to resolve all existing disputes between or among themselves as provided herein, except the pending partition action in case number 18CV17059 referred to in paragraph 6 herein. The parties agree to make all records and documents relating to any of the existing disputes between or among them equally available to each party.

2.      Within thirty (30) days of the date of this Agreement, the parties shall select a mediator to assist the parties with the resolution of the Claims. The cost of the mediators services shall be divided equally among the Dinihanian Floral Products, Inc., Vahan Dinihanian, and Lilian Logan.

3.      Mediation shall occur in two stages:

        a.      **Stage One.** The first stage of mediation shall take place within forty-five (45) days of selection of the mediator. The parties shall, at that time identify and summarize all of the Claims they wish to resolve in mediation to the mediator and the other Parties to this Agreement, and shall produce to the mediator all supporting documentation. The Parties shall, in good faith, attempt to resolve as many of the issues as possible during stage one.

        B.      **Stage Two.** To the extent there are any Claims left to be resolved after Stage One, the parties shall enter into a second round of mediation to take place within 45 days of the Stage One mediation, in order to address any remaining Claims. The parties may, thereafter, stipulate to additional mediation efforts if any Claims remain unresolved, although there is no requirement to do so.

4.      After Stage Two, any Party hereto may demand that any remaining Claims be resolved in binding arbitration. Arbitration shall be initiated through the Arbitration Service of Portland, and shall proceed as expeditiously as possible.

5.      If the Parties have a disagreement about the meaning or effect of this Agreement, such disagreement shall be submitted to the mediator or arbitrator (as applicable), who shall be the final authority as to the meaning and effect of this

Page 1 – Agreement to Mediate and Arbitrate               53110-76701 3325591.1

Exhibit 1
Page 5 of 6

Case 19-31886-dwh11     Doc 76     Filed 11/08/19

Agreement and the rights and obligations of the parties hereunder. The mediator or arbitrator shall include any determinations made as to the meaning and effect of this Agreement in the final award. Except as provided in section 6, below, no party may seek relief or redress of any kind in any forum other than the mediation and arbitration hereunder as to any matter falling within the scope of this Agreement or arising out of the meaning or effect of this Agreement.

6.     Award in Mediation or Arbitration. Any award of money arising from mediation or arbitration will be paid first from sums held back in the sale of the property located at 15005 NW Cornell Rd, as provided by stipulated Order in case number 18CV 17059 in the Circuit Court of Oregon for Washington County.

The parties enter into this Agreement on the date set forth above.

15005 NW Cornell LLC

By: _____          _____
                                                                             Date

Vahan Dinihanian Jr.


Valan Dinihanian Jr. _____          _____
                                                                             Date

Eagle Holdings, LLC


By: _____          _____
                                                                             Date

Cornell Rd LLC

By: _____          _1-23-19_
                                                                             Date

Christiana LLC

By: _____          _1-23-19_
                                                                             Date

Page 2 – Agreement to Mediate and Arbitrate

53110-76701 3325591.1

Exhibit 1
Page 6 of 6

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| 15005 NW Cornell, LLC; and Vahan M. Dinihanian, Jr., | ) ) ) | Bankruptcy Case Nos. 19-31883-dwh11(Lead Case) |
| Debtors. | ) ) ) ) ) ) ) ) ) | 19-31886-dwh11 Jointly Administered under Case No. 19-31883-dwh11 |

DEPOSITION OF

VAHAN DINIHANIAN, JR.

Taken in behalf of Claimant

\* \* \*

October 8, 2019

Two Centerpointe Drive, 6th Floor

Lake Oswego, OR 97035

Cynthia Marie Smith, CSR

Court Reporter

Exhibit 2
Page 1 of 4

1   For Sonja Dinihanian & Trust:

2   MR. BRUCE H. ORR
    Wyse Kadish, LLP
3   900 S.W. Fifth Avenue
    Suite 2000
4   Portland, OR, 97204
    503.517.8115
5   bho@wysekadish.com

6

7

8

9   Also Present:    Tasha Teherani-Ami,
    (Via telephone) Dan Logan, Alexander Logan
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    THE WITNESS:  And that would be the
2 Union Bank of California and others involved for
3 the claim of $576,450.  Is that what you are
4 referring to?

5    Q.   (By Mr. Garrett)  Right.  The business
6 tort claims that you have referenced here in
7 number 33.

8    A.   Right.  Those were funds -- so Lillian
9 Logan, my sister, and I had a joint bank account
10 at the Union Bank of California.  I allege that
11 one of the members of your office, Tim Ramis,
12 instructed my sister to go into the Union Bank
13 of California and request to the Union Bank of
14 California that those funds be taken out of our
15 joint account and moved into an account without
16 my signature where the Union Bank of California
17 knew that the signature for myself was required
18 to move those funds.

19    Q.   Okay.  So it's about -- the claim is
20 about removing funds from a joint bank account,
21 in essence?  Is that a fair way to put it?

22    A.   I think that the main issue is that the
23 Union Bank of California knew that they couldn't
24 do what they did, but they did it anyway.  They
25 couldn't legally do it without my signature.

1    Q.    Well, what's your recollection?

2    A.    I don't recall the guarantees, the exact

3    wording of the guarantees.

4    Q.    Okay.  So there is a guarantee.  It's

5    just --

6    A.    I don't know that.  I don't know that.

7    I don't know the wording of whether or not there

8    was a guarantee or what.

9    Q.    Do you know who the primary obligor on

10   that loan is?

11   A.    No.  I think it's the LLC that bought

12   it.

13   Q.    Is that 2275 W. Burnside, LLC or a

14   different one?

15   A.    No.  That would be that LLC, yes.

16   Q.    Okay.  Take a look at Exhibit 21.  Have

17   you seen this before?

18   A.    Yeah, it looks familiar.

19   Q.    Do you see your signature on this?

20   A.    I do.

21   Q.    All right.  What was your understanding

22   as in terms of the scope of what you agreed to

23   mediate and arbitrate?

24   A.    I was told by the attorney, Greg Meyer,

25   that made this agreement without talking to me.



⁴/₄

AFTER RECORDING, RETURN TO:

John H. Rosenfeld
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

Clackamas County Official Records
Sherry Hall, County Clerk          **2006-061880**

$41.00

0099403220060061880040042
07/07/2006 10:44:53 AM

D-D          Cnt=1 Stn=9 ELIZABETH
$20.00 $11.00 $10.00

UNTIL A CHANGE IS REQUESTED,
SEND ALL TAX STATEMENTS TO:

Lillian R. Logan
Vahan M. Dinihanian, Jr.
15005 NW Cornell Road
Beaverton, OR 97006

### WARRANTY DEED

DINIHANIAN PROPERTIES, a partnership consisting of Vahan M. Dinihanian, Jr. and Lillian R. Logan (formerly Lillian R. Dinihanian), Grantor, conveys and warrants to VAHAN M. DINIHANIAN, JR. and LILLIAN R. LOGAN, each as to an undivided one-half interest as tenants in common, Grantee, that certain real property located in Clackamas County, Oregon, and more particularly described in Exhibit A attached hereto, free of encumbrances except as specifically set forth herein, together with the right to use water from the spring and reservoir located on the real property described in Exhibit B attached hereto and by this reference incorporated herein, and the right to enter upon said real property for the purpose of connecting to and utilizing Grantees' right to said water, as reserved in Contract of Sale dated the 24th day of November, 1976, and recorded under Recorder's Fee No. 76-41952, Clackamas County Records.

The true consideration for this conveyance is property or value other than money.

Prior to January 3, 1987, Dinihanian Properties was owned 51% by Rosalie Dinihanian, and 24.5% by each of Vahan M. Dinihanian, Jr. and Lillian R. Logan. Following the death of Rosalie Dinihanian on January 3, 1987, her 51% was distributed as follows: 18.38% to each of Vahan M. Dinihanian, Jr. and Lillian R. Logan and 14.24% to Vahan M. Dinihanian. On February 2, 1988, Vahan M. Dinihanian transferred his 14.24% interest as follows: 7.12% to each of Vahan M. Dinihanian, Jr. and Lillian R. Logan, resulting in Vahan M. Dinihanian, Jr. and Lillian R. Logan each owning 50% of the partnership.

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 197.352. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD

Exhibit 3
Page 1 of 4

Case 19-31886-dwh11    Doc 76    Filed 11/08/19

CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930 AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 197.352.

DATED: *June 28*, 2006.

GRANTOR:

DINIHANIAN PROPERTIES

By _Vahan M. Dinihanian_
VAHAN M. DINIHANIAN, JR.

By _Lillian R. Logan_
LILLIAN R. LOGAN

STATE OF OREGON )
                ) ss.
County of Washington )

The foregoing instrument was acknowledged before me on *June 28*, 2006, by Vahan M. Dinihanian, Jr.



OFFICIAL SEAL
JAMIE L BEUKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 403166
MY COMMISSION EXPIRES MAR 2, 2010

_____
Notary Public for Oregon
My commission expires March 2, 2010
Commission No. 403166

STATE OF OREGON )
                ) ss.
County of Washington )

The foregoing instrument was acknowledged before me on *June 28*, 2006, by Lillian R. Logan.



OFFICIAL SEAL
JAMIE L BEUKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 403166
MY COMMISSION EXPIRES MAR 2, 2010

_____
Notary Public for Oregon
My commission expires March 2, 2010
Commission No. 403166

008030\00001\699940 V001

Exhibit 3
Page 2 of 4

Case 19-31886-dwh11    Doc 76    Filed 11/08/19

## EXHIBIT A

A parcel of land in Section 9 T.3S. R.7E., W.M., in Clackamas County, Oregon, described as follows:

Beginning at the Northwest corner of the Southeast one-quarter of said Section 9; thence South 660 feet; thence West 527 feet to the East line of County Road No. 1440; thence following the said road line South 57.34 feet to a point of curve; thence on the arc of a curve to the left, having a radius of 80 feet through a central angle of 33°40' a distance of 47.01 feet to a point; thence tangent to the said curve South 33°40' East a distance of 460.36 feet to the end of said road line; thence South 56°20' West 184.1 feet, crossing the Salmon River, to the Easterly line of the original plat of Idlewilde as laid out, established and recorded in the record of plats of Clackamas County; thence South 39°00' East following the said line of said plat, 92.5 feet to the North line of Mauldings Addition to Idlewilde as laid out, established and recorded in the record of plats of Clackamas County; thence following the North boundaries of the said plat, East 73.4 feet; thence South 80 feet; thence East 283 feet to a point on said boundary line 100 feet West of the Northeast corner of said Mauldings Addition to Idlewilde; thence North 100 feet; thence East 150 feet to the West line of County Road No. 1289; thence South following said road line 20 feet to the South line of the Northwest one-quarter of the Southeast one-quarter of Section 9, T.3S. R.7E., W.M., thence East following the said line 1,170 feet more or less to the East line of the said Northwest one-quarter of the Southeast one-quarter of said Section 9; thence North 1,319 feet more or less to the North line thereof; thence West 1,320 feet more or less to the point of beginning,

EXCEPTING so much of County Road No. 1289 as lies within the boundaries of the property as described and EXCEPTING FURTHER so much of the property described above that is described in that certain Contract of Sale between George Teufel Holly Farms, Inc. and James E. O'Dea and Kay J. O'Dea dated May 14, 1975 and recorded September 10, 1976 under Recorder's Fee No. 76-31757, Clackamas County Records and EXCEPTING FURTHER so much of the property described above that is described in that certain Contract of Sale between George Teufel Holly Farms, Inc. and John Vlahos dated November 24, 1976 and recorded November 28, 1976 under Recorder's Fee No. 76-41952, Clackamas County, Records.

$$3$$

Exhibit 3
Page 3 of 4

Case 19-31886-dwh11   Doc 76   Filed 11/08/19

## EXHIBIT B

A parcel of land in the Northwest one-quarter of the Southeast one-quarter of Section 9, T3S, R7E, W.M., in Clackamas County, Oregon, described as follows:

BEGINNING at the Southeast corner of the Northwest one-quarter of the Southeast one-quarter of said Section 9; thence North 01°06'52" West, along the Easterly line of said Northwest one-quarter of the Southeast one-quarter, 546.18 feet; thence North 89°05'47" West, 942.25 feet to the Easterly line of Salmon River Road as traveled and as monumented; thence following the Easterly right-of-way line of Salmon River Road as traveled and as monumented South 04°49'37" West, 299.21 feet to a point of curve left; thence along the arc of said curve left having a radius of 367.00 feet through a central angle of 30°56' a distance of 198.14 feet (chord bears South 10°28'23" East, 195.74 feet); thence South 26°06'23" East, 62.35 feet to the Northerly line of "Hood Hideaways No. 2" a recorded subdivision; thence South 89°05'47" East, along the North line of Hood Hideaways No. 2 and its extension, 914.47 feet to the point of beginning.



Exhibit 3
Page 4 of 4

Case 19-31886-dwh11   Doc 76   Filed 11/08/19

**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Creditor Lillian Logan

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Vahan M. Dinihanian, Jr.,<br><br>         Debtors. | Case No. 19-31886-dwh11<br><br>Chapter 11<br><br>DECLARATION OF LILLIAN LOGAN IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 4 |

      I, Lillian Logan, am a creditor in the above-captioned bankruptcy. I make this declaration based on my personal knowledge and if called as a witness I am competent to testify to the matters contained herein.

      1.    The Debtor has failed to account for rent, has transferred inventory, and has used employees for unauthorized purposes resulting in total damage to me in the amount of $49,509.00.

      2.    The Debtor agreed to sell me his share of the cabin in Welches located at 27105 E Riverwood, Welches, Oregon, for $150,000.00 but then refused to do so unless I agreed to his demands regarding the property located on Cornell Road.

Page 1 – DECLARATION OF LILLIAN LOGAN IN
      SUPPORT OF RESPONSE TO DEBTOR'S
      OBJECTION TO PROOF OF CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4848-0239-2492.1

3.     The disagreement over the above items is what led the Debtor and I to enter into an agreement to mediate and arbitrate all of our outstanding disputes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on November 8, 2019.

_Lillian R. Logan_
Lillian Logan, Creditor

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4848-0239-2492.1

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the

foregoing **DECLARATION OF LILLIAN LOGAN IN SUPPORT OF RESPONSE TO**

**DEBTOR'S OBJECTION TO PROOF OF CLAIM 4** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

Nicholas J. Henderson
Troy Sexton
Email:  nhenderson@portlaw.com
tsexton@portlaw.com
    Counsel for Debtor

U.S. Trustee, Portland
620 SW Main Street, #213
Portland, OR  97205

Stephen P. Arnot
DOJ-Ust
Email:  steve.arnot@usdoj.gov
    Counsel for U.S. Trustee

DATED:  November 8, 2019.

*/s/ Daniel L. Steinberg*
Daniel L. Steinberg, OSB #993690
daniel.steinberg@jordanramis.com

Page 3 –  DECLARATION OF LILLIAN LOGAN IN
    SUPPORT OF RESPONSE TO DEBTOR'S
    OBJECTION TO PROOF OF CLAIM 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
53110-77699 4848-0239-2492.1